UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHALID HAMDAN,<br><br>   Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. 19 CV 7105<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

  In 2014, petitioner Khalid Hamdan ran a drug-manufacturing business out of storage units, where he mixed the synthetic cannabinoid XLR11, a schedule I controlled substance, with other substances to create the street drug "spice." When police searched the storage units, they found 20,000 packages of spice, a white powder containing XLR11, the tools to make spice (a tarp, a digital scale, and bottles of acetone, for example), and handwritten ledgers detailing inventory and sales. They also found more than $67,000 in cash in Hamdan's car. A jury convicted Hamdan of two counts of possession of a controlled substance with intent to distribute, and one count of conspiracy to manufacture a controlled substance under the Controlled Substances Act, 21 U.S.C. §§ 841(a), 846, and found that $67,900 in cash was forfeitable. I sentenced him to 120 months in prison to be followed by three years of supervised release. Hamdan appealed, and the court of appeals affirmed. *United States v. Hamdan*, 910 F.3d 351, 353 (7th Cir. 2018). Hamdan now moves to vacate his conviction and sentence under 28 U.S.C. § 2255, on the grounds that he received

ineffective assistance of counsel at trial and on appeal. For the reasons discussed below, his petition is denied.

## I.  Legal Standards

To establish that he was deprived of constitutionally effective counsel, a petitioner must show that his attorney's performance was deficient and that, but for that deficient performance, there is a reasonable probability that he would have obtained a more favorable outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Representation need not be perfect or even good; an attorney's performance is constitutionally inadequate only if it is incompetent under prevailing professional norms. *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017). There is a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)).

When a petitioner raises ineffective assistance of appellate counsel, a court must examine the record to see whether the appellate attorney omitted an argument that was "significant and obvious." *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008) (quoting *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008)). If so, that claim must be compared to the claims counsel actually raised; if the ignored issue was "clearly stronger" than the ones raised, counsel's performance was deficient. *Id.* (quoting *Lee v. Davis*, 328 F.3d 896, 900–01 (7th Cir. 2003)). To demonstrate prejudice, a petitioner must show a reasonable probability that the omitted claim would have altered the outcome of the appeal. *Id.*

**II.      Analysis**

Hamdan brings three claims of ineffective assistance of trial counsel, and two claims implicating appellate counsel. [1].[1] Hamdan says his trial counsel should have moved to suppress evidence recovered from one of the storage units, gave him bad advice that caused him to reject a lenient plea offer, and failed to argue (both at trial and on appeal) that the Controlled Substances Act is unconstitutionally vague. He also argues that his appellate counsel failed to challenge the sufficiency of the evidence.[2] The government filed a response, [16], and Hamdan did not file a reply.[3]

**A.      Failure to File a Suppression Motion**

During a traffic stop in 2014, Hamdan consented to a police search of his car. Officers discovered a shoebox on the backseat containing more than $67,000 in cash and a business card for a storage company with unit and access code information on it. The police obtained a warrant to search the storage unit, and opened it using Hamdan's keys. Meanwhile, Fadel Yahia, a passenger in Hamdan's car when the

---

[1] Bracketed numbers refer to entries on the district court docket in 19 CV 7105, and page numbers are taken from the CM/ECF header placed at the top of filings, with the exception of the trial transcript.

[2] The government has not raised any procedural defenses like procedural default, failure to exhaust, or untimeliness.

[3] Hamdan also moved for release pending resolution of his § 2255 petition, [1] at 12–13. I denied that request. [3]. He also requested appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B), which allows a district court to appoint counsel to a petitioner seeking § 2255 relief if "the interests of justice so require." That request is denied. A district court abuses its discretion in denying counsel under § 3006A only if, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an attorney, could not obtain a lawyer on his own, and would have had a reasonable chance of winning if represented. *Winsett v. Washington*, 130 F.3d 269, 281–82 (7th Cir. 1997). Hamdan competently presented his arguments, and there is not a reasonable chance that they would have fared better if he had been represented. The interests of justice do not warrant appointing counsel.

3

police pulled it over, cooperated with the police. Yahia told them that there was a second storage unit, and consented to them searching it. Although Hamdan, not Yahia, kept the keys to that unit, Yahia had opened it in his name, and his address and phone number were on the rental agreement. In the second unit, officers found a clear plastic bag with a white powdery substance containing XLR11, a blue tarp, a digital scale, bottles of acetone, bottles of flavoring, boxes of packaging with different labels on the packages, and boxes that contained a green leafy substance. Trial Tr. 200, 422–23. Hamdan says his trial attorney was ineffective for failing to move to suppress the contents of the second storage unit based on Yahia's improperly obtained consent.[4]

When a petitioner alleges that counsel was ineffective for not moving to suppress evidence, he must "prove the motion was meritorious." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (quoting *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). Similarly, to demonstrate prejudice, he must show a reasonable likelihood that if counsel had moved to suppress the evidence, the motion "would have been granted." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018).

A warrantless search is permissible if a third party with actual or apparent authority over the searched area consents to the search. *United States v. Sawyer*, 929

---

[4] Count 3 of the indictment charged Hamdan with possession with intent to distribute the XLR11 recovered from the second unit. The government argues that the evidence was immaterial to Hamdan's convictions on Counts 1 and 2. Hamdan's conviction on Count 3 carried an additional $100 special assessment. *See United States v. Parker*, 508 F.3d 434, 441 (7th Cir. 2007). If Hamdan's conviction on Count 3 were unconstitutional, the judgment would have to be corrected.

F.3d 497, 500 (7th Cir. 2019); *United States v. Terry*, 915 F.3d 1141, 1144–45 (7th Cir. 2019). When a person allows a third party to "exercise authority" over his property, he "assumes the risk" that the third party might permit access to others. *Terry*, 915 F.3d at 1145 (quoting *United States v. Basinski*, 226 F.3d 829, 833 (7th Cir. 2000)). The search is valid if the third party has actual or apparent "common authority" over the property to be searched, meaning "mutual use" by people who have "joint access or control for most purposes." *United States v. Wright*, 838 F.3d 880, 884–85 (7th Cir. 2016) (quoting *United States v. Matlock*, 415 U.S. 164, 170–71 n.7 (1974)). Apparent authority exists when the facts available to the officers at the time allow a reasonable person to believe that the consenter had authority over the premises, even if he didn't have actual authority. *Terry*, 915 F.3d at 1145. Either actual or apparent authority is enough to support a search. *Wright*, 838 F.3d at 885.

Hamdan's counsel reasonably declined to move to suppress the evidence recovered at the second storage unit. Yahia had both actual and apparent authority to consent to that search. Yahia had opened the unit in his name—his name, address, phone number, and signature were on the rental agreement. Trial Tr. 354–55. Although Hamdan kept the keys to the unit, Yahia could technically access it at any time because, as the lessee, he could ask the storage company to open it for him. Yahia also used the unit in the course of working for Hamdan. He had been there with Hamdan "a lot," acted as a lookout while Hamdan worked, and had been inside the unit to drop off supplies and to help Hamdan mix the drugs. Trial Tr. 356, 358–61. By asking Yahia to open the storage unit in his name, Hamdan assumed the risk that

Yahia could access it. Yahia had both joint access to and control over the unit, so he had actual authority to consent to the search. *See United States v. Kim*, 105 F.3d 1579, 1582–83 (9th Cir. 1997) (upholding search of storage unit based on third-party consent because, by having third party lease the unit in third party's name, defendant "assumed the risk" that the third party "could exercise his rights as lessee to have the storage company open the unit"); *see also United States v. Trotter*, 483 F.3d 694, 699 (10th Cir. 2007), *vacated on other grounds*, 552 U.S. 1090 (2008) (third party who opened storage unit had actual authority to consent to search based on his "position as lessee of the unit and his active participation in renting and using the facility"); *United States v. Manafort*, 323 F.Supp.3d 768, 778 (E.D. Va. 2018) (similar).

A reasonable defense attorney would also know that Yahia had apparent authority to consent. Yahia was in Hamdan's car when the police pulled it over, suggesting either a partnership or employment relationship. Yahia told the police about the second storage unit, demonstrating knowledge about the operation; led the officers to the unit; and consented to them searching it. Trial Tr. 197, 368. Based on those facts, the officers' belief in Yahia's authority to consent was reasonable. A suppression motion would fail based on Yahia's actual or apparent authority, so forgoing the motion was adequate performance. *See Long*, 847 F.3d at 921 (rejecting ineffectiveness claim based on failure to file suppression motion where petitioner "alleged no facts suggesting that the motion would have succeeded").

Because the consent was valid, I need not reach the government's arguments that a suppression motion would have been denied because, even if the consent was

6

invalid, the inevitable-discovery doctrine would have applied to save the search. In the interest of completeness, I agree that inevitable discovery likely would have doomed a suppression motion. The inevitable-discovery doctrine applies when "the challenged evidence ultimately would have been discovered through lawful means." *United States v. Eymann*, 962 F.3d 273, 288 (7th Cir. 2020). The police had obtained a warrant to search the first storage unit, and between the results of that search and Yahia's cooperation, there was probable cause to obtain a warrant for the second unit. *See United States v. Jones*, 861 F.3d 638, 643–44 (7th Cir. 2017) (applying inevitable discovery to warrantless search where the government "had legal justification for a warrant").[5]

Hamdan's trial counsel reasonably decided not to file a suppression motion because such a motion would not have succeeded. Yahia had actual and apparent authority, and the officers would have obtained a warrant in any event. Hamdan's ineffective-assistance claim on this ground is denied.

---

[5] The government's attempt to stretch the good-faith doctrine to these facts is not persuasive (and unnecessary to reach given the validity of Yahia's consent). That exception to the exclusionary rule applies when there is objectively reasonable reliance on, for example, a search warrant later deemed invalid, *United States v. Leon*, 468 U.S. 897, 922 (1984), police recordkeeping that turned out to be in error, *Herring v. United States*, 555 U.S. 135, 146 (2009), or on "binding judicial precedent" that existed at the time of the search and was later overruled, rendering the search invalid. *United States v. Martin*, 807 F.3d 842, 846 (7th Cir. 2015) (quoting *Davis v. United States*, 564 U.S. 229 (2011)). The government does not argue that the officers here relied on a bad warrant or on a recordkeeping error. Nor does it identify a binding precedent that the officers believed applied at the time. And relying on consent in good faith is circular and redundant. Whether there is apparent authority to consent already addresses the officers' good-faith belief in the consenters' authority. Put differently, if Yahia's consent was invalid because the searching officers' belief that Yahia had authority to consent was objectively unreasonable, they couldn't have relied on that consent in good faith and no precedent suggested that they could.

### B. Failure to Advise About a Plea Offer

According to Hamdan, before trial, the government offered him a plea agreement with a three-year sentence. Hamdan's attorney told Hamdan that he was prepared to defend Hamdan at trial, and that Hamdan had to "decide for himself" about the plea; Hamdan says his attorney was ineffective because he never discussed the pros and cons of accepting the government's offer. [1] at 10–11. Hamdan insists that if his attorney had competently advised him, he would have accepted the plea and received a three-year sentence.

As a threshold matter, a petitioner alleging ineffective plea advice must make a showing "beyond mere conclusory allegations" to support a finding that "the government in fact offered a plea deal." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The burden is not meant to be onerous, and a petitioner may meet it by, for example, including a copy of the proposed agreement, attaching affidavits from counsel or from family members who discussed the plea offer with him, or offering details about the terms of the agreement, such as when or by whom the offer was made. *Sawyer v. United States*, 874 F.3d 276, 279 (7th Cir. 2017); *Martin*, 789 F.3d at 706–07.

Here, Hamdan has offered nothing more than a bare-bones allegation that the government offered "a plea offer of three years imprisonment." [1] at 10. Without something more to corroborate his assertion, Hamdan has not made the threshold evidentiary showing, so his ineffectiveness claim fails. *See Martin*, 789 F.3d at 707

8

(petitioner "failed to present *any evidence*, apart from his vague and conclusory allegations, showing that the government in fact offered a 30-year plea agreement").

Even if Hamdan's vague allegations cleared that evidentiary threshold, he has failed to demonstrate prejudice. A petitioner alleging ineffective assistance based on counsel's misadvice about a plea offer must show two things: first, a reasonable probability that, absent the bad advice, he would have accepted the government's offer, and second, a reasonable probability that the court "would have accepted the agreement and imposed a less severe sentence." *Day v. United States*, 962 F.3d 987, 992 (7th Cir. 2020). Hamdan continues to insist that he did not know XLR11 was illegal. But to enter a guilty plea, Hamdan would have had to admit that he knowingly possessed a controlled substance. Hamdan offers nothing to suggest that he would have been willing to admit guilt. Since he doesn't demonstrate a reasonable probability that he would have accepted the alleged plea offer, he cannot show prejudice. *See Thompson v. United States*, 732 F.3d 826, 830 (7th Cir. 2013) (petitioner could not show his attorney's plea advice prejudiced him because he "refuse[d] to acknowledge his full culpability as would be required under the plea offer").

### C. Failure to Challenge the Statute on Vagueness Grounds

At trial and on direct appeal, Hamdan insisted that he did not know XLR11 was an illegal controlled substance. Hamdan reframes that argument now by contending that his attorney should have moved to dismiss the indictment on the grounds that 21 U.S.C. §§ 812, 841(a), and 846 deprived Hamdan of fair notice that

9

XLR11 was a controlled substance, so the statute was unconstitutionally vague as applied to him.

To satisfy due process, a statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement. *United States v. Sylla*, 790 F.3d 772, 774–75 (7th Cir. 2015); *United States v. Mire*, 725 F.3d 665, 672–73 (7th Cir. 2013). A statute that does not provide fair notice of what is forbidden is void for vagueness. *Sylla*, 790 F.3d at 774–75.

Hamdan was convicted of two counts of possession of a controlled substance with intent to distribute and one count of conspiracy to manufacture a controlled substance in violation of the Controlled Substances Act. 21 U.S.C. §§ 841(a), 846. A "controlled substance" is any drug listed in schedule I of subpart B of chapter 13 of Title 21 of the United States Code. 21 U.S.C. § 802(6). Congress did not include all controlled substances on that list; the Attorney General may add any drug to schedule I on a temporary basis if placement is necessary to avoid an imminent hazard to public safety. 21 U.S.C. § 811(h). In 2013, the Deputy Administrator of the DEA found that XLR11 posed an imminent threat to public safety and placed it on schedule I. Schedules of Controlled Substances: Temporary Placement of Three Synthetic Cannabinoids Into Schedule I, 78 Fed. Reg. 28,735 (May 16, 2013).[6]

---

[6] In 2013, XLR was added to schedule I on a temporary basis. In 2016, its placement on schedule I became permanent. 21 C.F.R. § 1308.11(d)(49).

Hamdan fails to show that his trial counsel's performance was deficient. A vagueness challenge would not have succeeded (either at trial or on appeal) because, as of May 2013, XLR11 was listed in the Federal Register as a schedule I controlled substance, which a person of ordinary intelligence could see. *See, e.g.*, *United States v. Caseer*, 399 F.3d 828, 838 (6th Cir. 2005) ("Publication in the Federal Register of regulations which have the force of law does furnish constructive notice of the content of those regulations to those subject to them."); *United States v. Fisher*, 289 F.3d 1329, 1336 (11th Cir. 2002) (public was "given notice" that a drug was an analogue when the DEA rule "appeared in the Federal Register" designating that drug a schedule I controlled substance). Hamdan zeroes in on certain sections of the statute, but he ignores § 811(h), which states that the Attorney General may list a substance on schedule I in certain circumstances.

Moreover, the Act contains a scienter requirement, which "alleviates vagueness concerns." *McFadden v. United States*, 576 U.S. 186, 197 (2015) (quoting *Gonzales v. Carhart*, 550 U.S. 124, 149 (2007)); *Mire*, 725 F.3d at 674 ("A scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 499 (1982)). Section 841 penalizes anyone who "knowingly or intentionally" manufactures, distributes, dispenses, or possesses with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). To satisfy this knowledge requirement, the government must prove that a defendant knows only "that the substance he is dealing with is some unspecified substance listed

11

on the federal drug schedules." *McFadden*, 576 U.S. at 192. It may do so either by proving that the defendant knew he possessed a substance listed on the schedules, even if he did not know what the substance was, or by showing that the defendant knew the identity of the substance he possessed. *Id.* at 192. Here, the government had to prove that Hamdan "knew the substance contained some type of a controlled substance," and was "not required to prove" that Hamdan "knew the substance was XLR11." Trial Tr. 815 (Jury Instructions). Hamdan continues to insist his conduct was above board because he didn't know XLR11 was illegal, but whether he knew XLR11 was illegal is irrelevant. He only needed to know that he possessed some type of controlled substance. A person of ordinary intelligence could read the statute and understand that it prohibits people from "knowingly or intentionally" manufacturing or possessing with intent to distribute a "controlled substance." 21 U.S.C. § 841(a)(1); *see, e.g.*, *United States v. Waldrip*, 859 F.3d 446, 451 (7th Cir. 2017) (rejecting vagueness challenge to § 841(b)(1)(C) because "[w]ithout question, the statute puts defendants on notice of what the punishment is for knowing or intentional distribution of a controlled substance.").

The *McFadden* Court explicitly rejected a hypothetical vagueness argument to the Analogue Act, which has the same scienter requirement as the CSA. *McFadden*, 576 U.S. at 197; *United States v. Novak*, 841 F.3d 721, 728 (7th Cir. 2016). The Court categorized the Analogue Act as "unambiguous," and added that, even if it were ambiguous, it would not be unconstitutionally vague because of the scienter requirement. *McFadden*, 576 U.S. at 197; *see also Novak*, 841 F.3d at 727. The same

12

scienter requirement that saves the Analogue Act saves the Controlled Substances Act from a vagueness challenge. Finally, as discussed in more detail below with regard to the sufficiency of the evidence at trial, Hamdan cannot say that the statute as applied to him deprived him of notice—Hamdan's behavior shows that he knew his activities were illegal. A motion to dismiss the indictment would not have succeeded.

For the same reasons, Hamdan has not shown that a vagueness argument on appeal was significant and obvious, or that it was clearly stronger than the claims counsel did raise. Not only was the underlying argument meritless, but Hamdan never raised it in the district court, which would have presented reviewability obstacles on appeal. The claim would have either been waived, or, depending on how the government responded on appeal, forfeited and reviewed for plain error. *See, e.g.*, *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011) (an as-applied vagueness challenge is nonjurisdictional and can be waived); *see also Waldrip*, 859 F.3d at 450 (treating vagueness challenge made for the first time on appeal as forfeited, not waived, where government waived a waiver defense). Hamdan received effective assistance of appellate counsel.

### D. Failure to Raise Sufficiency of the Evidence on Appeal

Before trial, Hamdan indicated that he planned to present evidence that he had been arrested twice before, but not prosecuted, for possessing other synthetic cannabinoids. He subpoenaed two Wisconsin state troopers who had arrested him in 2012. The government moved to quash that subpoena, and I granted the

13

government's motion. After trial, Hamdan moved for a new trial under Federal Rule of Criminal Procedure 33, and I denied the motion. Hamdan's appellate counsel challenged those two rulings on appeal. Counsel argued that those rulings had prevented Hamdan from presenting evidence undermining the government's evidence of his knowledge. The court of appeals rejected both arguments and affirmed the conviction. Hamdan says that his appellate attorney should have challenged the sufficiency of the government's evidence as to his knowledge.[7]

No competent attorney would have pressed a sufficiency point on appeal here. The standard of review for sufficiency claims on appeal is very deferential: the court of appeals views the evidence in the light most favorable to the prosecution, and will affirm if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Harris*, 791 F.3d 772, 779 (7th Cir. 2015). The defendant's burden when challenging sufficiency of the evidence is so "heavy" that it is sometimes described as "nearly insurmountable." *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)).

Beyond the unfavorable standard of review, the evidence of Hamdan's knowledge was overwhelming. The government needed to prove only that Hamdan knew he possessed some controlled substance. Hamdan illicitly ran his business out

---

[7] The government answers Hamdan's argument as if he is arguing that trial counsel should have raised this issue, but I read Hamdan's petition as bringing a claim of ineffective assistance of appellate counsel. *See* [1] at 9 ("[C]ounsel should have presented such an argument on appeal."); [1] at 10 ("Counsel deprived Petitioner of his right to effective assistance of counsel on appeal.").

14

of storage units (opened under his employees' names to hide his involvement); used a lookout as he mixed the product; operated his business entirely in cash; falsely labeled the packages as "not for consumption" even while acknowledging in text messages that consumers would use the spice to get high; lied to the police about the source of the cash, refused to open the storage unit; and kept handwritten records. Such blatant attempts to hide what he was up to established that Hamdan knew he was breaking the law. *See McFadden*, 576 U.S. at 192 n.1 (circumstantial evidence of knowledge might include "a defendant's concealment of his activities," "evasive behavior with respect to law enforcement," or "knowledge that a particular substance produces a 'high'"). Hamdan's appellate attorney could not have credibly argued that no rational jury could have found that Hamdan knew he possessed a controlled substance.

Even if Hamdan could show that sufficiency of the evidence was a significant and obvious omission from his appellate brief, he would still fall short of showing deficient performance. Sufficiency of the evidence was not "clearly stronger" than the issues counsel included in the appellate brief. *Stallings*, 536 F.3d at 627. It was a reasonable tactical strategy to raise two claims with an abuse-of-discretion standard, rather than a claim that carried an almost insurmountable burden. *See Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005) ("A lawyer who concentrates on issues that have the best chance of success does not display objectively deficient performance.").

15

### III.  Certificate of Appealability

Hamdan has not made a substantial showing of the denial of a constitutional right. Reasonable jurists would not find debatable his counsel's objectively reasonable decisions to forgo filing a suppression motion, raising a vagueness challenge, or arguing insufficient evidence on appeal. I therefore decline to issue a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2255 Proceedings; *see also* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV.  Conclusion

Hamdan's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 [1] is denied. Enter judgment for respondent and terminate case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date:  August 11, 2020